THE STATE, EX REL. THE TRUSTEES OF SCHOOL DISTRICT No. 7, CENTRAL UNION, IN THE COUNTY OF ESSEX, v. ELMER C. SHERMAN, COUNTY SUPERINTENDENT OF THE COUNTY OF ESSEX.

The county superintendent of public schools in apportioning the state school money among the school districts in his county, on the basis of the last published school census, under the amendment of the Public School act, approved March 31st, 1896, has no authority to inquire into the legality of the constitution of an existing school district designated as such in said census.

On application for *mandamus*.

Argued at November Term, 1896, before Justices DIXON and LUDLOW.

For the relators, *Edward M. Colie.*

For the respondent, *Riker & Riker.*

The opinion of the court was delivered by

DIXON, J.    The trustees of School District No. 7, Central Union, in the county of Essex, ask for a *mandamus* directing the superintendent of public schools in that county to apportion to them a share of the state school moneys, on the basis of the last published school census, without any deduction because of the number of children residing within the borough of Glen Ridge.    The duty which it is thus sought to enforce is imposed by the first section of an amendment to the Public School act, approved March 31st, 1896 (*Pamph. L., p.* 217), in the following terms: " It shall be the duty of the county superintendent of each county, on or before the fifteenth day of May annually, to apportion to the districts of his county * * * the remainder of the school moneys belonging to his county, on the basis of the last published school census."

In making his annual apportionment, in May, 1896, the county superintendent, notwithstanding the objection of the relators, allotted a share of the state school money to Glen Ridge as a separate school district, thereby diminishing the share of the relators.    The ground of objection to this award is that Glen Ridge is not in legal contemplation a distinct school district, but the territory thereof forms part of the district over which the relators are entitled to control.

It appears that on February 13th, 1895, the borough of Glen Ridge became incorporated, and shortly afterwards elected borough officers, but did not elect school trustees.    Thereupon the county superintendent, assuming that under section 24 of the amendment to the Public School act, approved May 25th, 1894 (*Pamph. L., p.* 506; *Gen. Stat., p.* 3055), the borough was a separate school district, and that it had failed to elect trustees at the regular time, and therefore it had become his duty to act under section 3 of the same amendment, appointed such trustees, who at once organized themselves into a board of education.    Against this action the relators appealed to the state superintendent of public instruction, under section 13 of the Public School law (*Gen. Stat., p.* 3024), and he decided not to interfere with what had been done.    On April

17th, 1896, the borough of Glen Ridge regularly elected school trustees, who duly organized as a board, and these successive boards have had exclusive charge of the public schools within the borough since the first was organized in May, 1895. It further appears that, in May, 1896, the state superintendent sent to the county superintendent a schedule, showing the amount of money awarded by the state to the county of Essex, the school districts among which it was to be divided, and the number of children in each district which was to form the basis of apportionment. The latter data had been compiled, by the state superintendent, from the reports made to him, in 1895, by the school census enumerators, under the first section of the amendment to the Public School act, passed May 25th, 1894. *Pamph. L., p.* 504; *Gen. Stat., p.* 3054. In this schedule Glen Ridge was designated as a separate school district, containing three hundred and forty-four children. According to the statement thus furnished to the county superintendent, he made the apportionment of which complaint is now made.

In our judgment, he had no right to do otherwise.

Whether legally constituted or not, Glen Ridge was, in fact, a school district, and was recognized as such by the school authorities superior in jurisdiction to the county superintendent. Moreover, the only evidence laid before or available to him of the " last published school census," showed that Glen Ridge was a distinct school district having three hundred and forty-four school children, and the mandate of the statute is explicit that he should make the apportionment according to that census. His duty was purely ministerial, and he could no more inquire into the legality of the constitution of the districts than he could into the accuracy of the enumerations. It is evident that such investigations would result only in a harmful disturbance of the system adopted for the support of public schools.

The rule to show cause should be discharged, with costs.